**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KATHLEEN P. DUCRE,** | ) | |
| **Plaintiff,** | ) | |
| **VS.** | ) | **Civil Action No. SA-04-CA-835-XR** |
| **SBC-SOUTHWESTERN BELL and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.** | ) | |
| **Defendants.** | ) | |

**ORDER**

On this date, the Court considered Plaintiff's brief in support of damages and attorney's fees (Docket No. 61), Defendants' response (Docket No. 62), the Plaintiff's reply (Docket No. 65). On January 12, 2007 the Court entered an Order denying Defendants' motion for summary judgment and granting Plaintiff's motion for summary judgment (Docket No. 60). The Court concluded that the Administrator's factual findings relating to its denial of Plaintiff's claim for short-term disability benefits constituted an abuse of discretion. The Court granted summary judgment on Plaintiff's claim for short-term disability benefits only.

**I. Plaintiff is entitled to $25,286.50 in short-term disability benefits.**

Plaintiff initially argued that she was entitled to $25,607.79 in short-term disability benefits. Defendant argued that the correct calculation was $25,286.50, and Plaintiff concurred with this calculation in her reply brief. Plaintiff is entitled to thirty-five weeks and one day of short-term disability payments (4/26/04 – 12/27/04), which totals $27,093.29 ($1,055.50 x 35 weeks + ($1055.50 / 7)). This amount is decreased by a Social Security offset. Plaintiff received six months

and twenty-seven days of Social Security Disability Benefits (6/1/04 – 12/27/04). Plaintiff received $11,806.79 in Social Security benefits during that time period. Therefore, Plaintiff is entitled to $25,286.50 ($37,093.29 - $11,806.79) in short-term disability benefits.

**II. Plaintiff is entitled to attorney's fees based on the *Bowen* factors.**

In an ERISA action by a participant, beneficiary, or fiduciary, the Court in its discretion may allow a reasonable attorney's fee and costs of action to either party. 29 U.S.C. § 1132(g)(1). In deciding whether to award attorney's fees in an ERISA benefits case, the Court may consider the following factors: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' position. *Lain v. Unum Life Ins. Co. Of Am.*, 279 F.3d 337, 347-48 (5th Cir. 2002).

The Court finds that the first, second, third, and fifth factors support an award of attorney's fees in this case. Attorney's fees can be awarded based upon a finding that an administrator abused its discretion in denying benefits. *Lain*, 279 F.3d at 348. The Court found that Sedgwick's factual findings related to its denial of Plaintiff's short-term disability benefits constituted an abuse of discretion because they were not supported by substantial evidence in the administrative record. Docket No. 60, pg. 24. The overwhelming weight of the evidence in this case indicated that Ducre suffered from a severe psychological disability, she was engaged in a physically and mentally demanding occupation, Dr. Khan's recommendation to deny benefits were founded on unsupported

suspicions and were not rationally related to evidence contained in the administrative record, and Dr. Polsky's recommendation to deny benefits contained inadequate analysis and ignored overwhelming credible medical evidence to the contrary, especially when viewed in light of Ducre's high physical and mental job requirements. *Id.* at pg. 25. The Administrator did not have substantial evidence that given Ducre's level of psychological disability, she was able to perform all the essential functions of her occupation as a customer services technician. *Id.* Thus, the merits favored Plaintiff (fifth factor), and Defendants are culpable because their factual findings were not supported by substantial evidence in the administrative record (first factor).

The Court finds that Defendants can satisfy an award of attorney's fees (second factor). Additionally, the Court believes that an award of attorney's fees against the opposing parties will serve a deterrent purpose (third factor) because it will encourage Plan administrators to scrutinize their consulting experts' reports and ensure that they are not conclusory, speculative, or unsubstantiated.

The Court acknowledges that the fourth factor weighs against an award of attorney's fees because the Court simply found that the Plan administrator's factual findings constituted an abuse of discretion. Nevertheless, one of the *Bowen* factors standing alone is not necessarily decisive. *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980). Thus, based on the *Bowen* factors, the Court concludes that an award of attorney's fees is appropriate in this case.

**III. The Court finds that $16,050.00 in attorney's fees is fair and reasonable.**

Once it is determined that the plaintiff is entitled to attorney's fees, it is incumbent upon the district court to utilize the lodestar method to determine the amount to be awarded. *Lain*, 279 F.3d at 348. Defendants have not disputed the reasonableness of the hourly rate or the time expended by

Plaintiff's counsel, Mr. Dahl, in prosecuting this case. Nevertheless, the Court will still engage in an independent review of Mr. Dahl's detailed time records to ensure that the requested attorney's fees are fair and reasonable.

Mr. Dahl stated that his hourly rate is $250. He was admitted to the Texas Bar in 1986, and he is Board Certified by the Texas Board of Legal Specialization in Consumer and Commercial law. In its "Hourly Rates in 2005 Report," the State Bar of Texas Department of Research and Analysis reported that the average hourly rate in the San Antonio Metropolitan Statistical Area was $231 per hour. Based on the prevailing market rate in the San Antonio Metropolitan Area and Mr. Dahl's experience, the Court concludes that an hourly rate of $250 is reasonable.

Mr. Dahl's time records indicate that he spent 64.20 hours prosecuting Plaintiff's case. After carefully reviewing the time records in this case, the Court concludes that they are detailed and reasonable. Consequently, the Court will award Plaintiff $16,050.00 in attorney's fees (64.20 hours x $250).

**IV. Plaintiff is entitled to $150.00 in costs.**

The Court will award Plaintiff costs in the amount of $150, which represents Plaintiff's filing fee in this case. *See* 28 U.S.C. § 1920(1).

**V. Plaintiff is entitled to pre-judgment interest at a rate of 8.25% and post-judgment interest at a rate of 5.05%.**

In her Complaint, Plaintiff requested both pre-judgment and post-judgment interest. The federal post-judgment interest statute is 28 U.S.C. § 1961, which states that interest "shall be allowed" on any money judgment in a civil case recovered in a district court. Thus, an award of post-judgment interest to the prevailing plaintiff is mandatory. The current applicable post-judgment

interest rate for the week ending February 16, 2007 is 5.05%.[1] Therefore, the Court will award post-judgment interest at a rate of 5.05%.

A district court has discretion to impose a pre-judgment interest award to make a plaintiff whole. *Williams v. Trader Publishing Co.*, 218 F.3d 481, 488 (5th Cir. 2000). The Fifth Circuit has held that a plaintiff can obtain pre-judgment interest in an ERISA case. *Hansen v. Continental Co.*, 940 F.2d 971, 984 (5th Cir. 1991). ERISA does not specifically provide for pre-judgment interest, and absent a statutory mandate the award of pre-judgment interest is discretionary with the trial court. *Quesinberry v. Life Ins. Co. of Am.*, 987 F.2d 1017, 1030 (4th Cir. 1993) (en banc) (citing *Whitfield v. Lindemann*, 853 F.2d 1298, 1306 (5th Cir.1988), *cert. denied*, 490 U.S. 1089 (1989)).

The Fifth Circuit has held that "when awarding prejudgment interest in an action brought under ERISA, it is appropriate for the district court to look to state law for guidance in determining the rate of interest." *Hansen*, 940 F.2d at 984; *see Bowers v. UnumProvident Corp.*, No. 01-0046, 2002 WL 10467, *6 (E.D. La. Jan. 2, 2002). However, the *Hansen* Court further stated that "because state law is not binding but merely provides guidance, it is within the discretion of the district court to select an equitable rate of pre-judgment interest." *Id.*

An ERISA case is similar to a breach of contract action. Therefore, the Court will rely on TEX. FIN. CODE § 304.003 in setting the appropriate pre-judgment interest rate. *See Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 531-33 (Tex.1998); *see InsureSuite, Inc. v. MJS Marketing, L.P.*, No. 03-05-00822-CV, 2006 WL 2080684, *5 (Tex. App.–Austin July 28, 2006); *see Cuberland Cas. & Sur. Co. v. Nkwazi, L.L.C.,* No. 03-02-00270-CV, 2003 WL 21354608, *6 (Tex. App.–Austin June 12, 2003). On February 21, 2007, the judgment interest rate

[1] *See* Post Judgment Interest Rates, http://www.uscourts.gov/postjud/postjud.html

in Texas was 8.25%.[2]

The Court will award pre-judgment interest at the rate of 8.25%. *See Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1057 (5th Cir.1996) ("[A]n equitable award of prejudgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances."). Pre-judgment interest will accrue in accordance with Tex. Fin. Code § 304.104. *Apache Corp. v. Dynegy Midstream Services, Ltd.*, No. 14-05-00010-CV, 2006 WL 3511858, *10 (Tex. App.–Houston [14th Dist.] Dec. 7, 2006).

**VI. Conclusion**

The Court will award Plaintiff $25,286.50 in short-term disability benefits, $16,050.00 in attorney's fees, and $150.00 in costs. Pre-judgment interest will accrue at a rate of 8.25%, and post-judgment interest will accrue at a rate of 5.05%. The Court will set forth Judgment on a separate document pursuant to Fed. R. Civ. P. 58.

It is so ORDERED.

SIGNED this 21st day of February, 2007.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] *See* Interest Rates, http://www.occc.state.tx.us